BENJAMIN B. WAGNER
United States Attorney
MATTHEW G. MORRIS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DESHAWN RAY,<br>DAMION EDGERSON, and<br>REGINALD THOMAS<br><br>        Defendants. | Case No. 2:11-cr-00216-MCE<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE TO MARCH 15, 2012, AND EXCLUDING TIME FOR PURPOSES OF THE SPEEDY TRIAL ACT |

Plaintiff United States of America, by and through Assistant United States Attorney Matthew Morris and Defendant, Deshawn Ray, by and through his attorney, Julius Engel, hereby stipulate as follows:

The parties agree that the status conference scheduled for January 26, 2012, be continued to March 15, 2012. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

The Grand Jury in the case has returned a superseding indictment naming additional defendants and alleging additional counts. The government is in the process of producing additional discovery related to the new counts.

1

1 | Defendant Deshawn Ray is expected to be re-arraigned on the
2 | superseding indictment on February 3, 2012.
3 | The co-defendants who were added to the superseding indictment
4 | are in state custody in California and Texas, and the United States
5 | is making arrangements for their transport to this district to face
6 | the charges in the superseding indictment.
7 | The defendant Deshawn Ray and the government are exploring the
8 | potential for resolution without trial, and the parties are
9 | exchanging views about terms of such a resolution.
10 | The requested continuance is not based on congestion of the
11 | Court's calendar, lack of diligent preparation on the part of the
12 | attorney for the government or the defense, or failure on the part of
13 | the attorney for the government to obtain available witnesses.
14 | For purposes of computing the date under the Speedy Trial Act by
15 | which defendant's trial must commence, the parties agree that the
16 | time period of January 26, 2012, to March 15, 2012, inclusive, should
17 | be excluded pursuant to 18 U.S.C. Section 3161 because:
18 | (A) under 18 U.S.C. Section 3161(h)(7)(B)(iv) and local code T4,
19 | the delay results from a continuance granted by the Court at the
20 | defendant's request, with the agreement of the government, on the
21 | basis of the Court's finding that: (i) the delay will allow defense
22 | counsel reasonable time to prepare; and (ii) the ends of justice
23 | served by the continuance outweigh the best interest of the public
24 | and defendant in a speedy trial.  See Bloate v. United States, 130 S.
25 | Ct. 1345, 1357-58 (2011).
26 | ///
27 | ///
28 | ///

(B) under 18 U.S.C. Section 3161(h)(3)(A) and local code M, the continuance results from a delay due to the absence of a witness or defendant, specifically defendants DAMION EDGERSON and REGINALD THOMAS, and the United States is making efforts to obtain the co-defendants for trial with due diligence.

**IT IS SO STIPULATED.**

DATED: January 25, 2012
/s/ Matthew Morris
MATTHEW G. MORRIS
Assistant United States Attorney

DATED: January 25, 2012
/s/ Julius Engel, (as authorized 1/25/12)
JULIUS ENGEL
Attorney for DESHAWN RAY

**IT IS SO ORDERED.**

Dated: February 1, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE